UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re: | ) Bankruptcy Case No. 13-00665-dd |
| | ) |
| William Maxwell Gregg, II, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**ORDER CONFIRMING CHAPTER 11 TRUSTEE'S
PLAN OF LIQUIDATION OF THE DEBTOR AS MODIFIED**

     R. William Metzger, Jr., as Chapter 11 trustee (the "Trustee") for William Maxwell Gregg, II having filed the *Chapter 11 Trustee's Plan of Liquidation of the Debtor* on April 8, 2015 [Dkt. No. 455] (the "Initial Plan"), as amended by that *Modification of Chapter 11 Trustee's Plan of Liquidation of the Debtor*, filed on May 20, 2015 [Dkt. No. 483] (the "Plan Modification") (the Initial Plan and Plan Modification hereinafter collectively referred to as the "Plan"); and the *Chapter 11 Trustee's Disclosure Statement Accompanying Plan of Liquidation of Debtor* [Dkt. No. 456] in support thereof; and

     This Court having entered an order on April 10, 2015 [Dkt. No. 450] (the "Disclosure Statement Order") by which this Court, among other things, approved the Disclosure Statement, established procedures for the solicitation and tabulation of votes to accept or reject the Plan and scheduled a hearing pursuant to sections 1128 and 1129 of the Bankruptcy Code and Bankruptcy Rule 3017(c) to consider confirmation of the Plan (the "Confirmation Hearing"); and

     The certification of service of solicitation packages and notices [Dkt. No. 462] ("Certificate of Service") having been filed with the Court; and due notice of the Confirmation Hearing having been given to holders of Claims against and Interests in the Debtor and to other parties in interest, all in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court's Local Rules and the Disclosure Statement Order; and it appearing that no other or further notice need be given; and

     The *Ballot Tally* (the "Ballot Tally") having been filed on May 15, 2015 [Dkt. No. 482]; and the only objections to the Plan having been filed by Nationstar Mortgage, LLC ("Nationstar") which were withdrawn prior to the Confirmation Hearing based on the Plan Modification.

## Findings of Fact

     1.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

2. Venue for this Chapter 11 Case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Court has original jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

3. The Disclosure Statement, the Plan, the Ballots, and Notice of the Confirmation Hearing (the "Confirmation Notice") were adequate and sufficient and transmitted and served in compliance with the Bankruptcy Rules, the Local Rules and the Disclosure Statement Order. All parties required to be given notice of the Confirmation Hearing (including notice of the deadline for filing and serving objections to confirmation of the Plan) were given due, proper, timely, and adequate notice in accordance with the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order, and have had ample opportunity to appear and be heard with respect thereto. No other or further notice is required.

4. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations.

5. Holders of Claims in Class 2, Class 3 and Class 4 (Nationstar Secured Claims) initially voted to reject the Plan but based on the Plan Modification changed their ballots to votes in favor of the Plan [see, Dkt. No. 492, 493 and 494]. Holders of claims in Class 5 (Secured Claim of German American), Class 8 (Unsecured Claim of German American) and Class 9 (Unsecured Claims), all of which were impaired Classes, voted to accept the Plan.

6. Holders of Claims in Class 1 (Secured Claim of J.P. Morgan Chase), Class 6 (Other Secured Claims, if any), Class 7 (Non-tax Priority Claims) and Class 10 (Claims or Interests of the Debtor) did not vote. These Classes of Claims were classified as unimpaired. Testimony of the Trustee indicates that there are no creditors in Classes 6 and 7. Counsel for the Debtor appeared in favor of confirmation.

7. After review of the Disclosure Statement and Plan and considering the testimony of Trustee and arguments of counsel for the Trustee and counsel for Debtor at the Confirmation Hearing, the Court determined that (a) the Plan properly classifies claims and interests pursuant to 11 U.S.C. §1122, (b) the contents of the Plan meet the requirements of 11 U.S.C. §1123, (c) the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interest, and (d) the Plan satisfies the requirements for confirmation set forth in 11 U.S.C. §1129 and §1228(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (119 Stat. 23 §1128).

## Conclusions of Law

8.  The Plan, as modified herein, and all related documents is CONFIRMED in each and every respect, pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan including but not limited to all Exhibits thereto are incorporated by reference into, and are a part of, this Confirmation Order such that the terms of the Plan shall be effective and binding as of the Effective Date of the Plan.

9.  With respect to the Class 1 Claim of J.P. Morgan Chase Bank, N.A., ("Chase") and with the agreement of the Trustee and Debtor at the Confirmation Hearing, the treatment of the said Class 1 Claim shall be modified to reflect that Trustee will, no later than thirty (30) day after the Effective Date, either (a) pay the holder of the Class 1 Claim deferred cash payments totaling at least the allowed amount of the Class 1 Claim with the holder of the Class 1 Claim retaining its lien(s) securing such Class 1 Claim; or (b) sell the Property securing such Class 1 Claim free and clear of liens but subject to the holder of the Class 1 Claim's ability to credit bid under 11 U.S.C. §363(k); or (c) surrender the Property securing the Class 1 Claim to the holder of the Class 1 Claim in full satisfaction of the debt.

10. The modified treatment of the Class 1 Claim above enhances their treatment under the Plan even though no objection to confirmation was filed by Chase and they made no appearance at the Confirmation Hearing. The Plan states that Class 1 is unimpaired and deemed to accept the plan; however, the modification to the treatment of the Class 1 Claim as set forth above satisfies the requirements of 11 U.S.C. §1129(b) even if Class 1 was determined to be impaired under 11 U.S.C. §1124. All other impaired classes have voted to accept the Plan.

11. The Appointment of R. William Metzger, Jr. as Plan Administrator and the terms of the Plan Administrator Engagement Letter attached to the Plan as Exhibit A are approved. The Plan Administrator shall maintain a bond consistent with the bond maintained by the Trustee prior to the Effective Date in the amount of $4,500,000.00.

12. On and after the Effective Date, the Trustee's duties shall terminate and the Plan will be administered by the Plan Administrator, which will be vested with all the rights and powers (a) that the Debtor and/or Trustee had immediately prior to Confirmation under sections 1104, 1106, 1107, 1108 and (b) as otherwise set forth in the Plan, with authority over all Property and the obligation to make Distributions in accordance with the Plan.

13. The List of "Special Notice Parties" (the "List") filed at Dkt. No. 489 is approved. The List may be amended by making a request in writing to the Plan Administrator, as set forth in the Plan.

14. The Notice of Effective Date attached hereto as Exhibit A is approved.

15. The Trustee, the Plan Administrator, all holders of Allowed Claims receiving Distributions under the Plan, and all other parties in interest shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary to effectuate the provisions and intent of the Plan and the Plan documents.

16. All injunctions or stays, whether by operation of law or by order of the Bankruptcy Court, provided for in the Chapter 11 Case pursuant to the Plan or 11 U.S.C. §§ 105, 362, or 525 of the Bankruptcy Code or otherwise that are in effect on the Confirmation Date shall remain in full force and effect until the Final Decree, unless the Court enters an Order modifying any such injunction or stay.

17. Upon the entry of the Confirmation Order, all provisions of the Plan, including all agreements, instruments and other documents Filed in connection with the Plan and executed by the Trustee or the Plan Administrator in connection with the Plan, shall be binding upon the Debtor, the Post-Confirmation Debtor, the Estate, the Plan Administrator, all Claim and Interest holders and all other Persons that are affected in any manner by the Plan.

18. Notwithstanding entry of the Confirmation Order and the occurrence of the Effective Date, until such time as all payments and Distributions required to be made and all other obligations required to be performed under the Plan and the Plan documents have been made and performed by the Plan Administrator and the Chapter 11 Case is closed by Final Decree, the Bankruptcy Court shall have and retain the maximum jurisdiction as is legally permissible, including, without limitation, jurisdiction over the Estate, the Debtor, the Post-Confirmation Debtor, the Property and the Plan Administrator, as set forth more fully in Article X of the Plan.

19. To the extent any provision of the Disclosure Statement, and any documents executed in connection therewith (or any exhibits, schedules, appendices, supplements or amendments to the foregoing) conflicts with or is in any way inconsistent with the terms of the Plan or Confirmation Order, the terms and provisions of the Plan or Confirmation Order as applicable shall govern and control.

20. Allowed Administrative Claims for fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 ("Statutory Fees") shall be paid in Cash as such fees are due in the ordinary course in an amount equal to the amount of such Statutory Fees.

21. Until the Chapter 11 Case is closed by Final Decree, the Plan Administrator shall continue to file with the clerk of this court, pursuant to Fed. R. Bankr. P. 2015(a) and SC LBR 2015-3, a monthly operating report in a form satisfactory to the United States Trustee. The report shall also include the details required under the Plan and any action taken toward consummation of the Plan.

22. In accordance with the deadlines set forth in the Plan but in no event more than within ninety (90) days of the Effective Date, the Plan Administrator shall file the following pleadings-
    a.    An application for a final decree;
    b.    A report of substantial consummation;
    c.    A final report;
    d.    Objections to proof of claim or interest against the Debtor's estate;
    e.    Any amendments or modifications to the Plan;
    f.    A motion requesting an extension of the ninety (90) day period;

      g.    Any final fee applications.

23.    The Bankruptcy Case shall be reopened pursuant to 11 U.S.C. §350(b) without payment of a fee if the Debtor files a Notice of Completion of Plan Payments or a motion pursuant to 11 U.S.C. §1141(d)(5), in accordance with SC LBR 4004-1, so that the Court may consider whether the Debtor is entitled to a discharge.

24.    This Confirmation Order is a final order which shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062 or otherwise.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT
05/22/2015**



Entered: 05/22/2015

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

## Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re: ) | Bankruptcy Case No.  13-00665-dd |
| ) | |
| William Maxwell Gregg, II, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |

## NOTICE OF ENTRY OF ORDER CONFIRMING CHAPTER 11 TRUSTEE'S SECOND AMENDED PLAN OF LIQUIDATION OF THE DEBTOR AND EFFECTIVE DATE OF PLAN

**PLEASE TAKE NOTICE THAT:**

1.      **Confirmation of the Plan.** On May __, 2015, the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the Chapter 11 Trustee's Plan of Liquidation of the Debtor, dated as of April 8, 2015, as amended by that certain Modification to Chapter 11 Trustee's Plan of Liquidation filed May 20, 2015 (collectively, the "Plan") in the Chapter 11 case of William Maxwell Gregg, II (the "Debtor"). Unless otherwise defined herein, capitalized terms used in this Notice shall have the meanings ascribed to them in the Plan.

2.      **Effective Date.** On June __, 2015, the Plan became effective in accordance with its terms as set forth in Article VIII of the Plan (the "Effective Date").

3.      **Claims Objection Bar Date.** Except as otherwise specified in Article VII(D) of the Plan regarding general Administrative Claims and Fee Claims of professionals, objections to Claims shall be Filed with the Bankruptcy Court and served upon the relevant Creditors by the Claims Objection Bar Date, which shall be no later than 90 days after the Effective Date or 90 days after such Claim is Filed, whichever date is later, provided, that this deadline may be extended by the Bankruptcy Court upon motion of the Plan Administrator, all as further set forth in the definition of Claims Objection Bar Date. Any Distributions with respect to and on account of Claims to which objections have been Filed will be made as soon as practicable after an order, judgment, decree or settlement agreement with respect to such Allowance of such Claim becomes a Final Order and pursuant to the terms of the Plan.

4.      **Bar Date for Administrative Claims.**

(a)      The holder of an Administrative Claim, other than (a) a Fee Claim, (b) a liability incurred and payable in the ordinary course of business by the Debtor (and not past due), (c) an Administrative Claim that has been Allowed on or before the Effective Date or (d) Statutory Fees, must File with the Bankruptcy Court and serve on the Trustee and her counsel, the Plan

Administrator, and the Office of the United States Trustee, a request for payment of such Administrative Claim within 30 days after the date the Notice of Effective Date is served. Such request must include at a minimum (A) the name of the holder of the Claim, (B) the amount of the Claim, and (C) the basis of the Claim. Failure to File and serve such request timely and properly shall result in the Administrative Claim being forever barred and discharged unless otherwise ordered by the Bankruptcy Court.

(b)     The holders of the Allowed Administrative Claims enumerated in (a) - (d) above shall not be required to File a request for payment of their Administrative Claims. Holders of Allowed Administrative Claims for a liability incurred and payable in the ordinary course of business by the Debtor or Trustee (and not past due) under (b) above shall be paid in the ordinary course of business (to the extent not assumed under the APA), and holders of other Allowed Administrative Claims set forth in (a), (c), (d), and (e) shall be paid as set forth in Article III(A)(1) of the Plan.

5.     **Bar Date for Objections to General Administrative Claims.** Objections to general Administrative Claims must be Filed and served on the parties that were served with such Claims or requests and the requesting party by the later of (A) 60 days after the date the Notice of Effective Date is served; (B) 60 days after the Filing of the applicable request for payment of Administrative Claims; or (C) such later date as provided for by order of the Bankruptcy Court, which order may be entered without further notice or hearing.

6.     **Bar Date for Fee Claims.** The Trustee, Professionals and Entities asserting Fee Claims must File and serve on the United States Trustee, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order, or other order of the Bankruptcy Court, an application for final allowance of such Fee Claim no later than 60 days after the date the Notice of Effective Date is served. Failure to File timely and serve such application shall result in the Fee Claim being forever barred and discharged unless otherwise ordered by the Bankruptcy Court. Objections to any Fee Claim must be Filed and served on the parties that were served with such Fee Claim within 21 days after the Fee Claim is Filed.

7.     **Bar Date for Rejection Claims.**

(a)     <u>Contracts and Leases Rejected Prior to Confirmation Date</u>. Each Person or Entity who is a party to an executory contract or unexpired lease rejected by the Debtor or Trustee, on behalf of the Debtor, prior to the Confirmation Date, including Post-Closing Agreements rejected prior to the Confirmation Date, must comply with the applicable Bar Date, if any, established by the motion and order rejecting such executory contract or unexpired lease for Claims arising from the rejection or, if none, by the Bar Date established in Article V(B)(2) under the Plan.

(b)     <u>Contracts and Leases Rejected under Plan</u>. Each other Person or Entity who is a party to an executory contract or unexpired lease rejected by the Trustee under the Plan must File a Proof of Claim for damages alleged to arise from the rejection of such executory contract or unexpired lease, or be forever barred, within 30 days after the date the Notice of Effective Date is served.

       8.      **Copies of the Confirmation Order and Plan**. Copies of the Confirmation Order, the Disclosure Statement Order, the Disclosure Statement, and the Plan may be obtained free of charge by request to the Trustee via (a) e-mail at bmetzger@robinsonlaw.com; (b) mail at R. William Metzger, Jr., Robinson, McFadden & Moore, P.C., Post Office Box 944, Columbia, SC 29202; and (c) via facsimile to R. William Metzger, Jr., Esq. at (803) 744-1550.

Dated: June ___, 2015

Respectfully submitted,

_____
R. William Metzger, Jr. (#5028)
Chapter 11 Trustee
Post Office Box 944
Columbia, SC 29202
(803) 779-8900 phone
(803) 252-0724 fax
bmetzger@robinsonlaw.com