IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. 13-00665-dd |
| | ) | |
| William Maxwell Gregg, II, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER AUTHORIZING SETTLEMENT AND COMPROMISE OF CLAIMS

This matter came before the Court on the Notice and Application for Settlement and Compromise of Claims ("Notice") filed by R. William Metzger, Jr., as the Plan Administrator ("Plan Administrator") under the Plan of Liquidation confirmed by this Court by Order entered May 22, 2015 (hereinafter "Confirmed Plan") requesting the entry of an Order approving the compromise and settlement of any and all claims of Nationstar Mortgage, LLC ("Creditor"). The Notice makes reference to a Settlement Agreement between the Plan Administrator and Creditor dated June 17, 2015 which was attached to the Notice when filed and made available to any party requesting a copy ("Settlement Agreement"). The specific claims at issue are designated as claims 10, 11, and 12 in the Claims Register in this case (hereinafter collectively "Claims"), and the settlement includes any other claims which Creditor may have or could have asserted or filed. Each of the Claims are secured by mortgages on certain real property located in Richland County, South Carolina. As more fully detailed in the Notice and Settlement Agreement, Creditor and Trustee have agreed to the allowed amount of each of the Claims with a partial payment in cash by Plan Administrator with the remaining balance of the Claims restructured and paid over time.

After considering the Notice and the Settlement, it is ORDERED as follows:

1. The terms of the settlement and compromise of any and all claims of Creditor against Debtor, the estate, Trustee or Plan Administrator are hereby approved as set forth in the Notice and Settlement Agreement and detailed herein.

2. Claim 10 is allowed in the amount of $182,813.97. Within five (5) days of this Order becoming a final order under the Bankruptcy Code, Plan Administrator will pay to Creditor the sum of $47,213.97 representing a $30,000.00 principal payment reduction and reimbursement of $17,213.97 in taxes advanced by Creditor on behalf of Debtor. The balance of the allowed claim, $135,600.00 will be set as of August 1, 2015 and repaid by Debtor based on a 30 year amortization and a fixed interest rate of 2.625% per annum resulting in equal monthly payments of principal and interest in the amount of $544.64 due on the 1st day of each month beginning September 1, 2015.

3. Claim 11 is allowed in the amount of $217,427.23. Within five (5) days of this Order becoming a final order under the Bankruptcy Code, Plan Administrator will pay to Creditor the sum of $52,027.23 representing a $30,000.00 principal payment reduction and reimbursement of $22,027.23 in taxes advanced by Creditor on behalf of Debtor. The balance of the allowed claim, $165,400.00 will be set as of August 1, 2015 and repaid by Debtor based on a 30 year amortization and a fixed interest rate of 2.625% per annum resulting in equal monthly payments of principal and interest in the amount of $664.33 due on the 1st day of each month beginning September 1, 2015.

4. Claim 12 is allowed in the amount of $159,050.41. Within five (5) days of this Order becoming a final order under the Bankruptcy Code, Plan Administrator will pay to Creditor the sum of $45,350.41 representing a $30,000.00 principal payment reduction and

reimbursement of $15,350.41 in taxes advanced by Creditor on behalf of Debtor. The balance of the allowed claim, $113,700.00 will be set as of August 1, 2015 and repaid by Debtor based on a 30 year amortization and a fixed interest rate of 2.625% per annum resulting in equal monthly payments of principal and interest in the amount of $456.68 due on the 1st day of each month beginning September 1, 2015.

5. Plan Administrator shall, within five (5) days of this Order becoming final, pay to Creditor the total sum of $144,591.61 in cash or certified funds as set forth above and Creditor will waive any accrued interest and accept repayment of the balance in accordance with the terms set forth above. The terms of the Notice and Settlement Agreement are in compliance with the terms of the Confirmed Plan. Creditor will retain its collateral security for the loans, mortgages on real property owned by Debtor, and the Debtor shall remain liable for the remaining amounts of the Claims in accordance with the existing loan documents.

6. Debtor will be responsible for the payment of future real property taxes and insurance costs associated with the collateral, as well as the following monthly payments beginning September 1, 2015 and continuing on the first day of every month thereafter:

| Claim | Loan No. | Property | Monthly Payment | Interest Rate | Maturity |
|---|---|---|---|---|---|
| 10 | 0599013067 | 1237 Jennings Ct | $544.64 | 2.625% | 8/1/45 |
| 11 | 0599013042 | 1236 Glenwood Rd | $664.33 | 2.625% | 8/1/45 |
| 12 | 0599013059 | 1601 Hagood Ave | $456.68 | 2.625% | 8/1/45 |

In addition, Plan Administrator agrees to deposit the sum of up to $25,000 into a segregated account held by property manager for the payment of 2015 taxes associated with the collateral of Nationstar out of the cash funds (if any) ultimately payable to Debtor under the Confirmed Plan.

7. Creditor and Plan Administrator seek to fully and finally resolve Creditor's claims and its involvement in this matter entirely through the Notice, Settlement Agreement, and this Order. The Notice of Settlement was properly served on all required parties.

8. Once the Settlement Agreement is consummated, no further Order of this Court is needed in the event of a default and the rights of the parties will be governed by the loan documents and applicable state law.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**07/15/2015**



Entered: 07/16/2015

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina